Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Daniel W. Cook, et al. v. Eastern Savings Bank, FSB, et al. |
| **Case Number:** | 04-01246 |

## Document Information

| | |
|---|---|
| **Description:** | Proposed Findings of Fact and Conclusions of Law Re: [39-1] Motion To Dismiss Plaintiffs' Second Amended Complaint by Eastern Savings Bank, FSB . |
| **Received on:** | 2006-03-29 13:26:44.000 |
| **Date Filed:** | 2006-03-29 00:00:00.000 |
| **Date Entered On Docket:** | 2006-03-30 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Mary Anderson |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DANIEL WILLIAM COOK and
YOLANDA T. COOK,
    Debtors.                                     No. 11-04-17704 SA

DANIEL W. COOK, et al.,
    Plaintiffs,
v.                                                  Adv. No. 04-1246 S

EASTERN SAVINGS BANK, FSB, et al.,
    Defendants.

**PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW ON EASTERN SAVINGS BANK'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT
<u>AND RECOMMENDATION TO DISTRICT COURT</u>**

      This matter is before the Court on Defendant Eastern Savings Bank's ("ESB") Motion to Dismiss Second Amended Complaint (doc 39). Plaintiffs filed an objection (doc 40), and ESB replied (doc 41). Plaintiffs are self-represented. ESB appears through its attorney Modrall, Sperling, Roehl, Harris & Sisk, P.A. (William R. Keleher). These Proposed Findings of Fact and Conclusions of Law are submitted to the District Court pursuant to Federal Bankruptcy Rule 9033.[1]

<u>**DISCUSSION**</u>

<u>**Core/Non-core**</u>

      Bankruptcy Court jurisdiction is established by 28 U.S.C. § 1334, which lists four types of matters over which the district

---

[1] Pursuant to Fed.R.Bankr.P. 9033(b), parties must serve and file written objections to these Proposed Findings of Fact and Conclusions of Law within 10 days after being served with this document.

court has bankruptcy jurisdiction: 1) cases "under" title 11 (which are the bankruptcy cases themselves, initiated by the filing of a Chapter 7, Chapter 11, etc. petition), 2) proceedings "arising under" title 11, 3) proceedings "arising in" a case under title 11, and 4) proceedings "related to" a case under title 11. <u>Wood v. Wood (In re Wood)</u>, 825 F.2d 90, 92 (5th Cir. 1987). In the District of New Mexico, all four types have been referred to the bankruptcy court. <u>See</u> 28 U.S.C. § 157(a); Administrative Order, Misc. No. 84-0324 (D. N.M. March 19, 1992). Jurisdiction is then further broken down by 28 U.S.C. § 157, which grants full judicial power to bankruptcy courts over "core" proceedings, but only limited judicial power over "related" or "non-core" proceedings. <u>Wood</u>, 825 F.2d at 91; <u>Personette v. Kennedy (In re Midgard Corporation)</u>, 204 B.R. 764, 771 (10th Cir. B.A.P. 1997).

"Core" proceedings are matters "arising under" and "arising in" cases under title 11. <u>Wood</u>, 825 F.2d at 96; <u>Midgard</u>, 204 B.R. at 771. Matters "arise under" title 11 if they involve a cause of action created or determined by a statutory provision of title 11. <u>Wood</u>, 825 F.2d at 96; <u>Midgard</u>, 204 B.R. at 771. Matters "arise in" a bankruptcy if they concern the administration of the bankruptcy case and have no existence outside of the bankruptcy. <u>Wood</u>, 825 F.2d at 97; <u>Midgard</u>, 204 B.R. at 771. Bankruptcy judges may hear and determine core

proceedings and enter final orders and judgments. 28 U.S.C. § 157(b)(1).

"Non-core" proceedings are those that do not depend on the bankruptcy laws for their existence and that could proceed in another court even in the absence of bankruptcy. Wood, 825 F.2d at 96; Midgard, 204 B.R. at 771. Bankruptcy courts have jurisdiction over non-core proceedings if they are at least "related to" a case under title 11. 28 U.S.C. § 157(c)(1)("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.") However, unless all parties consent otherwise, 28 U.S.C. § 157(c)(2), bankruptcy judges do not enter final orders or judgments in non-core proceedings. Rather, they submit proposed findings of fact and conclusions of law to the district court, which enters final orders and judgments after de novo review. 28 U.S.C. § 157(c)(1); Federal Bankruptcy Rule 9033. See also Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion Pictures Corporation), 4 F.3d 1095, 1100-01 (2nd Cir. 1993) (discussing Section 157's classification scheme).

The complaint in this case seeks primarily to recover damages for actions taken by ESB during a period predating the bankruptcy. It also seeks damages for malicious abuse of process, i.e., ESB's filing of a motion for relief from automatic stay in the bankruptcy case. It does not seek to enforce any

Page -3-

Case 04-01246-s    Doc 44    Filed 03/29/06    Entered 03/30/06 08:38:00 Page 4 of 16

right granted by the bankruptcy code, nor does bankruptcy law determine the outcome of the case. It therefore does not "arise under" title 11. Furthermore, the complaint does not concern the administration of the case; its has its own existence independent of the bankruptcy code. It therefore also does not "arise in" a case under title 11. The complaint is, however, "related to" the Debtors' bankruptcy; if successful, Debtors may recover an asset that would be part of the bankruptcy estate and available for payment to creditors. See 11 U.S.C. § 541(a)(1) (defining property of estate) and 28 U.S.C. § 1334(e) (granting district court exclusive jurisdiction over property of the estate). See also St. George Island, Ltd. v. Pelham, 104 B.R. 429, 431-32 (Bankr. N.D. Fl. 1989)(collecting cases and noting that actions to collect pre-petition debts are non-core proceedings).

In summary, this adversary proceeding is a non-core "related to" proceeding. The bankruptcy court has jurisdiction over it by virtue of 28 U.S.C. 1334(b), but final orders and judgments must be entered by the United States District Court.

**Applicable Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6)[2], a court must accept as true all of the well-pleaded facts and consider those facts in a light most favorable to the plaintiff. Sutton

---

[2]Fed.R.Civ.P. 12(b) is incorporated by Fed.R.Bankr.P. 7012(b).

v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). On such a motion, the issue is not whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence to support the claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). This is so even if the Court and the parties are aware of facts, outside the pleadings, that make it seem unlikely that plaintiffs will prevail. "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In considering the legal sufficiency of plaintiff's claim, the court can only consider the facts alleged and any document attached as an exhibit to the complaint or incorporated in it by reference. See Fed.R.Civ.P. 10(c). However, if a plaintiff does not incorporate by reference or attach a document to the complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an authentic copy to the court to consider on a motion to dismiss. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). Therefore, the Court has considered the

Page -5-

documents attached to ESB's Motion to Dismiss without converting this Motion to one for summary judgment. Finally, a pro-se litigant's pleadings are to be construed liberally and held to a less stringent standard than those of an attorney. Hall, 935 F.2d at 1110.

**PROPOSED FACTS**

Plaintiffs' Second Amended Complaint contains a section with general allegations applicable to all counts followed by eight counts: (1) fraud or misrepresentation, (2) malicious abuse of process, (3) negligence, (4) violations of the New Mexico Unfair Trade Practices Act, (5) violations of Consumer Credit Protection Act, (6) violation of Fair Debt Collection Practices Act, (7) prima facie tort, and (8) declaratory judgment with respect to the estate's right to purchase of the Cook's home. The general allegations state, briefly, that ESB foreclosed on Plaintiffs' home and purchased it for the full mortgage balance on December 11, 2003. Through various orders in the foreclosure suit and oral agreements, Plaintiffs' right to redeem the house was extended through October 22, 2004. Plaintiffs made an offer to ESB in September 2004 to purchase the property back, which apparently was refused. Plaintiffs filed their chapter 11 case on October 21, 2004, one day before the redemption period expired. ESB filed and prosecuted a motion for relief from stay in the bankruptcy case. Plaintiffs later learned that on

December 19, 2003, ESB had transferred the property to Spica Properties, Inc., so ESB had not owned the property during the period it agreed to extend the redemption rights or when it filed the motion for relief from stay.  Plaintiffs allege that the house was worth $2,056,173[3], that ESB negligently or intentionally misrepresented that it owned the property and therefore prevented them from negotiating the redemption with the true owner, and that they have therefore been injured by the misrepresentations.

Defendant ESB filed its Motion to Dismiss ("Motion").  One central theme in the Motion is that Plaintiffs have suffered no damages because they have never had the ability to redeem the property.  This is an issue outside the pleadings, so the Court has not considered this fact, whether true or not.

**PROPOSED CONCLUSIONS OF LAW**

1.   Fraud or Misrepresentation

"Actionable fraud consists of misrepresentation of a fact, known to be untrue by the maker, and made with an intent to deceive to induce the other party to act in reliance thereon to the actor's detriment."  Cargill v. Sherrod, 96 N.M. 431, 432-33,

---

[3]Plaintiffs allege that there was undisputed testimony at the hearing on terminating the automatic stay that this was the value of the house.  The Court never made such a finding, however, ultimately ruling that the value of the house was irrelevant because the bankruptcy estate no longer had any interest in the property.

631 P.2d 726, 727-28 (1981). Count 1 states a cause of action. It alleges that ESB misrepresented that it owned the property (¶ 21), that ESB intended to deceive and intended that Plaintiffs rely on the misrepresentation (¶ 23), and that Plaintiffs have been damaged (¶¶ 19, 23).

ESB also argues that the fraud was not plead with sufficient specificity. The Court disagrees. Each order can be construed to be a representation, and the oral extension can be considered to be a representation. Count 1 should not be dismissed.

2. <u>Malicious Abuse of Process</u>

Malicious abuse of process is defined as follows:

> (1) the initiation of judicial proceedings against the plaintiff by the defendant, (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.

<u>Devaney v. Thriftway Marketing Corp.</u>, 124 N.M. 512, 518, 953 P.2d 277, 283 (1997), <u>cert. denied</u>, 524 U.S. 915 (1998). Count 2 states a cause of action. It alleges that ESB filed a motion for relief from the automatic stay (¶ 26), that it was improper to do so in light of their non-ownership of the property (¶ 27), that ESB's primary motive was the improper "thwarting" of the repurchase of the property (¶ 28), and that the Plaintiffs were damaged (¶ 29). Count 2 should not be dismissed.

3.  <u>Negligence</u>

To state a negligence claim, one must allege: (1) the existence of a duty from a defendant to the plaintiff, (2) a breach of that duty, (3) the breach was a proximate cause of plaintiff's damages, and (4) the breach was the cause in fact of the plaintiff's damages.  <u>Herrera v. Quality Pontiac</u>, 134 N.M. 43, 47-48, 73 P.3d 181, 185-86 (2003).  Count 3 fails to state a cause of action.  First, while Plaintiffs state that Eastern had a duty to advise that it did not own the property, the existence of a duty is a legal question for the Court.  <u>Blake v. Public Service Co. of New Mexico</u>, 134 N.M. 789, 791, 82 P.3d 960, 962 (Ct. App. 2003).  Under the facts of this case the Court finds that there was no such duty, for two reasons.  First, the transfer of the property was a matter of public record.  Second, under the redemption statute, N.M. Stat. Ann. §39-5-18 (1978), Plaintiffs had two methods to redeem.  The first was to tender to the purchaser "or assigns" the redemption amount.  Therefore, under the statute Plaintiffs could continue to deal with ESB to redeem the property.  Perhaps Plaintiffs real claim is that, had they known about the transfer, they might have been able to negotiate a reduced redemption amount with the purchaser.  They have not plead this, however, so the Court will not consider that to be the claim.  The second method of redemption is to file a petition for redemption with the District Court, and serve it on

Case 04-01246-s    Doc 44    Filed 03/29/06    Entered 03/30/06 08:38:00 Page 10 of 16

the purchaser "or assigns." There is no allegation that any such petition was filed, or that the transfer of the property by ESB prevented the filing of any such petition.

If there were no duty, there could be no breach of duty by ESB. In addition, Plaintiffs did not allege that the transfer of the property or the subsequent misrepresentation of ownership was either a proximate cause of their damages or a cause in fact of their damages. Count 3 should be dismissed.

4.  <u>Violations of the New Mexico Unfair Trade Practices Act</u>

The Unfair Practices Act defines "unfair or deceptive trade practice" as:

> any false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by any person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person ...

N.M. Stat. Ann. § 57-12-2(D)(1978). The Act defines "unconscionable trade practice" as:

> an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:
> (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or
> (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. Ann. § 57-12-2(E)(1978). Private remedies are available:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice.

N.M. Stat. Ann. § 57-12-10(B)(1978).

The Complaint alleges, admittedly with no details, that ESB's acts of misrepresentation were willful and unlawful violations of the Unfair Practices Act made in connection with the "sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts" in its regular course of business, tended to and did injure Plaintiffs. Construing the pleading favorably for Plaintiff, the Court believes the details of this count can be developed in discovery. Count 4 should not be dismissed.

5. <u>Violations of Consumer Credit Protection Act</u>

The Consumer Credit Protection Act does not apply in this case. To be implicated, there must be a debt or deferred payment. Under the facts of this case, there was no debt or deferred payment. ESB bid its full debt at the foreclosure sale, leaving no balance due. Plaintiffs allege that after the sale,

ESB entered into a series of credit transactions to which the Consumer Credit Protection Act ("CCPA") applied. However, the documents attached by ESB show that, after the sale, Plaintiffs <u>prepaid</u> roughly $11,000 per month to remain in the property and for an extended right of redemption. The extensions and tenancies were month to month, and neither side had an obligation to continue the arrangement. There was no extension of credit by ESB and no deferred payment arrangement. Therefore, the CCPA does not apply. <u>See</u> <u>Laramore v. Ritchie Realty Management Co.</u>, 397 F.3d 544, 547 (7th Cir. 2005):

> [A] typical residential lease does not involve a credit transaction. The typical residential lease involves a contemporaneous exchange of consideration-the tenant pays rent to the landlord on the first of each month for the right to continue to occupy the premises for the coming month. ... As such, there is no deferral of a debt, the requirement for a transaction to be a credit transaction under the Act.

Count 5 should be dismissed.

6. <u>Violation of Fair Debt Collection Practices Act</u>

The Fair Debt Collection Practices Act does not apply to creditors who are collecting their own debts. 15 U.S.C. § 1692(a)(6)(A); <u>Munk v. Federal Land Bank of Wichita</u>, 791 F.2d 130, 132 (10th Cir. 1986). <u>See also</u> <u>Maguire v. Citicorp Retail Services, Inc.</u>, 147 F.3d 232, 235 (2nd Cir. 1998)("As a general matter, creditors are not subject to the FDCPA."); <u>Aubert v. American General Finance, Inc.</u>, 137 F.3d 976, 978 (7th Cir. 1998) (Creditors who collect in their own name and whose principal

business is not debt collection are not subject to FDCPA.). In this case, Eastern was collecting its own debt in its own name and therefore not subject to the FDCPA. Count 6 should be dismissed.

7. <u>Prima Facie Tort</u>

The elements of prima facie tort are: (1) an intentional, lawful act by defendant, (2) an intent to injure the plaintiff, (3) injury to the plaintiff, and (4) the absence of justification or insufficient justification for the defendant's acts. <u>Schmitz v. Smentowski</u>, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990). Count 7 states a cause of action. The Complaint alleges, admittedly with no details, that ESB's actions were intentional and lawful, intended to injure Plaintiffs, did in fact injure plaintiffs, and there is an absence of justification. Construing the pleading favorably for Plaintiff, the Court believes the details of this count can be developed in discovery. Count 7 should not be dismissed.

8. <u>Declaratory Judgment</u>

Plaintiffs seek a declaratory judgment that their redemption rights became property of the bankruptcy estate, and that that right remains a valuable asset which is necessary for an effective reorganization. The Court can take judicial notice that Plaintiffs did not redeem the property within 60 days of the

Case 04-01246-s    Doc 44    Filed 03/29/06    Entered 03/30/06 08:38:00 Page 14 of 16

filing of their bankruptcy case; Plaintiffs admitted as much in their response to the Motion, p. 15.

The Court finds that Count 8 should be dismissed.  While it is true that the Debtors' right of redemption became property of the bankruptcy estate, that right expired 60 days after the bankruptcy filing.  McCarn v. WYHY Federal Credit Union (In re McCarn), 218 B.R. 154, 162 (10th Cir. B.A.P. 1998); 11 U.S.C. § 108(b).  See also Canney v. Merchants Bank (In re Frazer), 284 F.3d 362, 373 (2nd Cir. 2002)(Redemption rights after prepetition foreclosure sale extended only by section 108(b); section 362 not relevant.  Applying Vermont law.); Goldberg v. Tynan (In re Tynan), 773 F.2d 177, 179 (7th Cir. 1985)(Same.  Applying Illinois law.); Johnson v. First Nat'l Bank of Montevideo, Minnesota, 719 F.2d 270, 278 (8th Cir. 1983), cert. denied, 465 U.S. 1012 (1984)(Same.  Applying Minnesota law.).  Furthermore, the Bankruptcy Court may not use its equitable powers to disregard the statutory limit imposed by section 108.  Johnson, 719 F.2d at 274; In re R210 Roebling, LLC, 336 B.R. 172, 174-75 (Bankr. E.D. N.Y. 2005).

Therefore, Plaintiffs' right of redemption expired 60 days after they filed their bankruptcy petition, leaving them no interest in the real property.  With no interest in the real property it cannot be a valuable asset for the estate, and cannot be used to reorganize.  Count 8 should be dismissed.

**RECOMMENDATION**

The Bankruptcy Court recommends that the Motion to Dismiss be granted in part and that Counts 3, 5, 6 and 8 should be dismissed.

*/s/ James S. Starzynski*
Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on March 29, 2006, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Daniel W. Cook
920 Galeras Street NW
Albuquerque, NM 87120

Yolanda T. Cook
920 Galeras Street NW
Albuquerque, NM 87120

William R Keleher
PO Box 2168
Albuquerque, NM 87103-2168

*/s/ Mary B. Anderson*