IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DANIEL WILLIAM COOK and
YOLANDA TERESA COOK,

        Debtors.

DANIEL W. and YOLANDA T.                  CIVIL NO.  09-803 JCH/CEG
COOK individually and as Debtors in
Possession
        Plaintiffs,

v.

EASTERN SAVINGS BANK, FSB, and
KRISTA TRICARICO, Special Master

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Daniel W. Cook's *Motion for Withdrawal of Reference, 28 U.S.C. § 157(d), FRBP 5011,* filed August 13, 2009 [Doc. 1].  Mr. Cook, in his individual capacity as successor to Yolanda T. Cook's interest, and as successor to Trustee Philip Montoya, seeks a withdrawal of his "non-core" claims from the jurisdiction of the bankruptcy court.  The Court has considered Plaintiff's motion and the pleadings in the related case filed in the United States Bankruptcy Court for the District of New Mexico [Case No. 11-04-17704 SA, Adv. No. 04-1246 S].  The Court, having carefully considered the pleadings and the law, and being otherwise fully informed, finds that Plaintiff's motion is well-taken and should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Daniel W. and Yolanda T. Cook filed a Voluntary Petition for Relief under Chapter 11 of

1

the United States Bankruptcy Code on October 21, 2004 [Doc. 1 at 1]. On August 9, 2005, they filed an amended complaint against Defendant Eastern Savings Bank, FSB ("ESB"). [Doc. 37].[1] The Cooks' complaint against ESB relates to actions taken by ESB that predate the bankruptcy filing. The complaint, which states causes of action for, *inter alia*, fraud and misrepresentation, malicious abuse of process, and violations of the New Mexico Unfair Trade Practices Act, does not rely upon the Bankruptcy Code. On August 25, 2005, ESB filed a Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 39].

On March 29, 2006, the Honorable James S. Starzynski, United States Bankruptcy Judge, filed Proposed Findings of Fact and Conclusions of Law on ESB's Motion to Dismiss [Doc. 44]. Judge Starzynski determined that the adversary proceeding was a "non-core 'related to' proceeding" and that the bankruptcy court had jurisdiction over it by virtue of 28 U.S.C. § 1334(b) [*See* Doc. 44 at 4]. He based his determination on a finding that, although the complaint is not dependent on bankruptcy law and concerns actions that predate the bankruptcy filing, it is "related to" the Cooks' bankruptcy proceedings because, if successful, the Cooks "may recover an asset that would be part of the bankruptcy estate and available for payment to creditors." *Id*. Judge Starzynski also considered the legal sufficiency of the eight-count complaint and recommended that the motion to dismiss be granted in part, with four counts being dismissed. *See id.* at 15. On October 20, 2006, the Honorable Martha Vázquez, Chief United States District Judge, filed a Memorandum Opinion and Order adopting Judge Starzynski's Proposed Findings of Fact and Conclusions of Law [Doc. 50] in their entirety.

---

[1]All references herein to docket numbers other than docket number 1 refer to the docket numbers in Case No. 11-04017704 SA, Adv. No. 04-1246 S filed in the United States Bankruptcy Court for the District of New Mexico.

On April 2, 2009, Judge Starzynski entered an Order discharging the Cooks from their debts under 11 U.S.C. § 727 [Doc. 834].  Yolanda T. Cook passed away on May 25, 2009 [Doc 1 at 1].  On July 1, 2009, the bankruptcy Trustee abandoned all remaining property of the estate and requested dismissal as Trustee [*See* Doc. 1 at 2; Doc. 844 at 1].

On July 10, 2009, Plaintiff filed a Notice of Entry of Appearance and Request Referral to U.S. District Court [Doc. 66].  On July 28, 2009, Plaintiff filed a Motion for Change of Venue, 28 U.S.C. § 1404(b), seeking a transfer from the Bankruptcy Court to the United States District Court based on diversity of citizenship [Doc. 67].  On July 30, 2009, the Bankruptcy Court denied that motion, without prejudice, stating that a Motion for Change of Venue was not the proper procedure and that Plaintiff should instead file a Motion for Withdrawal of Reference [Doc. 68].  On August 13, 2009, Plaintiff filed with this Court a Motion for Withdrawal of Reference [Doc. 1].  Defendants did not respond to the motion.

## ANALYSIS

Plaintiff contends that the bankruptcy court has nothing left to administer, as all of the assets of the estate have been abandoned by the Trustee, and he requests that the Court withdraw reference of this case from the bankruptcy court.  He seeks to avoid losing a potential cause of action against Defendant ESB that may result if the bankruptcy court dismisses the underlying bankruptcy case and he is forced to re-file the pendant case against ESB in district court.

Bankruptcy judges may preside over, and enter appropriate orders and judgments pertaining to, all cases under Title 11 [the Bankruptcy Code] and all "core proceedings" arising thereunder.  *See* 28 U.S.C. § 157(b)(1). Bankruptcy judges may also hear "non-core proceedings" which are "related to" pending Title 11 proceedings.  *See id.* § 157(c)(1).  In certain circumstances, however, when a case has been referred to a bankruptcy court, the district

court may withdraw that reference from the bankruptcy court's jurisdiction. *See id.* § 157(d).

Under Federal Rules of Bankruptcy Procedure Rule 5011, a motion for withdrawal of a case or proceeding shall be heard by a district judge and the relief granted by the district judge pursuant to a filed motion for withdrawal shall be on such terms and conditions as the judge deems proper. *See* Fed. R. Bankr. P. 5011(c). Withdrawal of a proceeding from the bankruptcy court may be either mandatory or permissive. Withdrawal is mandatory if a party has made a timely motion and "the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Although Plaintiff's motion for withdrawal was timely (he filed his motion just over a week after the Trustee abandoned all remaining property of the estate), his complaint against ESB states only causes of action arising under state law. Withdrawal is mandatory only when a determination of issues requires significant interpretation of *federal* non-bankruptcy law. *See In re Sahni*, 227 B.R. 748, 750 (D. Kan. 1998). Thus, withdrawal is not mandatory for this proceeding because it states only non-federal causes of action.

However, the district court has broad discretion over whether to permit withdrawal of the reference to the bankruptcy court. *See In re Millennium Studios, Inc.*, 286 B.R. 300, 303 (D. Md. 2002). Cause must be shown before the reference can be withdrawn, *see In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990), and the moving party bears the burden to show cause. *See In re NDEP Corp.*, 203 B.R. 905, 907 (D. Del. 1996). Some "[f]actors relevant to the Court's determination of whether to withdraw the reference for cause include: (1) whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of

forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand." *In re Apponline.Com, Inc*., 303 B.R. 723, 726 (E.D.N.Y. 2004).

      Considering these factors, the Court finds that Plaintiff should be permitted to withdraw the reference of his claims against ESB from the bankruptcy court to the district court. Plaintiff's claims are "non-core" to the bankruptcy proceeding, as they are not dependent on bankruptcy law and concern actions that predate the bankruptcy filing.  Second, although the bankruptcy court has already devoted significant judicial resources to resolving the bankruptcy matter, other than considering ESB's motion to dismiss, the bankruptcy court has not spent a significant amount of time analyzing the claims at issue here.  Further, as only non-core claims remain in this case, judicial economy would be best served by withdrawal of the reference because the bankruptcy judge has no power, absent consent of all parties, to issue a final decision on these claims in the bankruptcy proceeding.  The bankruptcy court would only be able to submit proposed findings of fact and conclusions of law to the district court. *See* 28 U.S.C. § 157(c)(1).  The district court would then have to review, *de novo*, the bankruptcy court's findings of fact and conclusions of law to which any party objected. *See id*.  Such secondary review duplicates judicial resources.  In addition, withdrawing the matter will not affect the bankruptcy process as there are no bankruptcy-related issues remaining.  The Trustee has abandoned the estate property, so a recovery by Plaintiff could not be said to relate to the bankruptcy proceeding any more.  Finally, Plaintiff has requested a jury trial, which the bankruptcy court cannot hold because Defendants did not consent. *See* 28 U.S.C. § 157(e) (a jury trial in the bankruptcy court requires consent of all of the parties).  Withdrawal of reference would allow Plaintiff to exercise his right to a jury trial.  Plaintiff has therefore shown sufficient cause for the Court to grant his motion for withdrawal.

Additionally, Defendants have not indicated that they believe the matter should remain in the bankruptcy court and have not responded to Plaintiff's motion, despite being served. The "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). Because Plaintiff has satisfied his burden of showing cause for a permissive withdrawal of reference, and Defendants have consented by default to the grant of such motion, the Court will grant the motion.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiff's *Motion for Withdrawal of Reference, 28 U.S.C. § 157(d), FRBP 5011* [Doc. 1] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE